THE INTERNATIONAL BANK *et al.*

*v.*

R. E. JENKINS, Assignee, *et al.*

*Filed at Ottawa March 6, 1884.*

1. APPEAL—*only from final judgment, and what is a final judgment in the Appellate Court.* The fact that a decree of the circuit court is affirmed in two particulars, and reversed in all other respects, without any direction to the circuit court, does not constitute a final judgment of the Appellate Court from which an appeal or writ of error lies.

2. To give an appeal or writ of error from or to the circuit court, there must be a final disposition of the whole case as to all the parties. A cause can not be removed to a higher court for review as to one party at one time,

| | |
|---|---|
| 109 | 219 |
| 128 | 518 |
| 109 | 219 |
| 146 | 308 |
| 109 | 219 |
| 153 | 16 |
| 44a | 233 |
| 109 | 219 |
| 158 | 44 |
| 109 | 219 |
| 62a | 354 |
| 109 | 219 |
| 166 | 455 |
| 109 | 219 |
| 171 | 436 |
| 109 | 219 |
| 76a | 515 |
| 109 | 219 |
| s110us | 222 |
| 109 | 219 |
| 187 | 1384 |
| 109 | 219 |
| 197 | 1327 |

and as to another party at another time.   Hence no appeal lies from an order of the Appellate Court reversing a decree of the circuit court in part and affirming in part, when the judgment of the Appellate Court is not such that no further proceedings can be had in the court below except to carry into effect the mandate of the Appellate Court.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. ROSENTHAL & PENCE, for the plaintiffs in error.

Mr. W. T. BURGESS, and Mr. A. CRAWFORD, for the defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill brought by Augustus Bauer, on the 29th day of August, 1874, against Samuel J. Walker and others, to foreclose certain trust deeds on different tracts of land in Cook county, which had been pledged as collateral security for the payment of certain notes executed by Walker, and payable to the International Bank, for moneys loaned.   Various persons who had an interest in the mortgaged premises (in all about one hundred) were made parties defendant to the bill.   Among others, Williams & Thompson, who claimed to have purchased a part of the mortgaged property, known as block 28, were made defendants to the bill.   Miller & Leibenstein, who held a trust deed on a certain other part of the mortgaged premises, were also made defendants.   They filed a cross-bill to foreclose a trust deed held by them, and made Russell M. Larned, who claimed to own the premises described in the trust deed, a party thereto.   Walker put in an answer to the bill, in which he set up various transactions between him and the bank, and divers loans of money by the bank to him, and that all of the loans were at usurious rates of interest, and that the assignment of the notes to Bauer

was not made in good faith, but to cover up such usurious interest; that Bauer was a stockholder in the bank, and had notice of the usurious dealings. Walker called for an accounting between him and the bank, and that all usurious payments should be allowed, which, if done, would, as he claimed, pay all the notes held by the bank, Bauer, or any other person under the bank. Walker also filed a cross-bill. Most of the other defendants put in answers to the bill, and the court, on the hearing, on the pleadings and evidence, entered an interlocutory decree, in which it was, among other things, found that neither Walker nor any of the other parties are entitled to any set-off or deduction to any of the principal notes on the ground of usury, and the master, to whom the cause was referred to state the account, was directed not to consider the question of usurious payments of interest upon any of the notes. After the coming in of the report of the master, and on the 25th day of April, 1878, a final decree was rendered granting relief upon the original bill of Bauer as to all property embraced in it. The court, however, held that the $15,000 note and trust deed on block 28 had been released, and were no longer a lien, and that neither Bauer, Kohn & Bros., nor the bank, had any interest in said block, and the bill was dismissed as to this block. The court also dismissed the cross-bill of Miller & Leibenstein, in which they sought to foreclose a trust deed on a tract of land claimed by Russell M. Larned, holding that the tract so claimed by Larned had been released from the trust deed.

On April 26, 1878, Walker filed his petition to be adjudged a bankrupt. After he was adjudged a bankrupt, and on June 18, 1878, he sued out from the Appellate Court a writ of error to reverse the decree of the circuit court which had been rendered in the case of *Bauer* v. *Walker et al.* On the 18th day of October, 1879, Bauer and others filed a plea in bar of the writ of error, claiming that Walker had no right to sue out or prosecute a writ of error, after he was adjudged a bank-

rupt, to reverse a decree rendered before he was a bankrupt. After this plea was filed, Jenkins, assignee of Walker, entered a motion in the Appellate Court to substitute the assignee in place of Walker, with leave to prosecute the writ of error. This motion the court allowed. On the 14th day of June, 1881, the Appellate Court rendered a judgment in the cause, in which the decree of the circuit court was affirmed as to block 28, which was claimed by Williams & Thompson, and also affirmed the decree as to the Larned tract. Every other portion of the decree was reversed, and the cause remanded. From this judgment Miller & Leibenstein appealed to this court, and the judgment of the Appellate Court as to the Larned tract was reversed, and the cause remanded. (*Miller* v. *Larned*, 103 Ill. 562.) After the decision was announced in the case last cited, this writ of error was sued out by the International Bank and Augustus Bauer, to reverse the decision of the Appellate Court rendered on the 14th day of June, 1881.

Several motions have been entered by different parties to dismiss this writ of error, some of them upon one ground, and some on another. The defendant in error Jenkins, assignee of Walker, predicates his motion to dismiss on the ground, mainly, that the judgment of the Appellate Court sought to be reversed is not a final judgment. This case involves large and conflicting interests, and it is highly important to all concerned that when a decision is made in the case in the court of last resort, the case should be in such a situation that the rights of all parties in interest could be considered, passed upon, and settled by that decision. The question, however, whether this writ of error will lie, depends upon whether it is authorized by the statute.

Section 90 of the Practice act, which is the statute under which the writ of error was sued out, provides: "In all criminal cases, and in all cases where a franchise, or freehold, or the validity of a statute is involved, and in all other cases

where the sum or value of the controversy shall exceed $1000, exclusive of costs, which shall be heard in any of the Appellate Courts, upon errors assigned, if the judgment of the Appellate Court be that the order, judgment or decree of the court below be affirmed; or if final judgment or decree be rendered therein in the Appellate Court; or if the judgment, order, or decree of the Appellate Court be such that no further proceedings can be had in the court below except to carry into effect the mandate of the Appellate Court, any party to such cause shall be permitted to remove the same to the Supreme Court, by appeal or writ of error." It will be observed that there are three contingencies named in the statute, under either of which an appeal or writ of error will lie, and only three. Have either of these contingencies named in the statute arisen in this case? An examination of the record containing the judgment of the Appellate Court will show that they have not. The judgment of the Appellate Court, as appears from the record, is, that the decree of the circuit court, so far as it relates to the deed of trust executed by Samuel J. Walker and wife to Francis A. Hoffman, conveying block 28, and to the deed of trust executed by William Hansbrough to John G. Rogers, conveying the east half of the north-west quarter of section 4, town 38, range 13, in Cook county, be affirmed. In all other respects the decree of the circuit court is reversed, and the cause remanded for further proceedings. Here the judgment or decree of the circuit court was not affirmed, nor was a final judgment entered in the Appellate Court, nor was the judgment of the Appellate Court such that no further proceedings can be had in the court below except to carry into effect the mandate of the Appellate Court. It is apparent that the case falls within no provision of the statute which authorizes an appeal or writ of error.

In *Buck* v. *Hamilton County*, 99 Ill. 507, the statute which authorizes an appeal or writ of error was considered, and it

was expressly ruled that where the judgment of the circuit court is reversed and the cause remanded, no appeal lies from the Appellate to the Supreme Court, as such judgment is in no sense final. In *Thompson* v. *Follansbee*, 55 Ill. 427, where, on demurrer, a bill was dismissed as to a part of the defendants, it was held that a writ of error would not lie. In the decision of the case it is there said: "It is a well settled rule that a writ of error will not lie except to a final order of court. If the bill is dismissed as to one or more parties, the complainant can not prosecute a writ of error until there has been a final disposition of the case as to all other parties. A cause can not be reviewed as to one party at one time, and as to another party at another time." See, also, *Moore* v. *Robbins*, 18 Wall. 588.

The mere fact that the decree of the circuit court was affirmed in two particulars, when it was reversed in all other respects, did by no means constitute a final judgment of the Appellate Court. The main part of the decree was reversed, and the cause was remanded for another hearing, but whether the larger or smaller portion of the decree was reversed was a question of no moment. It is enough that the statute has not authorized an appeal or writ of error where a decree may be reversed in part and affirmed in part. Where the cause is remanded for another trial on the merits, for a trial *de novo*, an appeal or writ of error will not lie under our statute, although the decree may have been affirmed as respects some of its provisions. Should it turn out on the next trial of this cause in the circuit court, on the merits, that Walker is not indebted on any of the trust deeds which the bill was brought to foreclose, that would end all controversy in regard to the rights of purchasers under Walker, such as Williams & Thompson, hence the fallacy of the attempt to force a decision on this branch of the case until there shall have been a final decision of the whole case. We are of opinion, however, that it would have been a better practice if the Appellate Court

had reversed with directions to the circuit court to dismiss as to Williams & Thompson on the final hearing, rather than affirm that part of the decree. But we will regard the order of affirmance in effect as an order directing the circuit court to dismiss as to block 28 on the final hearing.

The writ of error will be dismissed.

*Writ of error dismissed.*