GEORGE BALL

*v.*

LENORA SCHAFFER.

112  341
146  309

112  341
158   44

112   341
197  ¹327

*Filed at Ottawa November 17, 1884.*

1. APPEAL—*from Appellate Court—when further proceedings are to be had in the trial court.* No appeal lies from an order of the Appellate Court reversing a decree in part and affirming in part, unless the judgment of that court is such that no further proceedings can be had in the court below except to carry into effect the mandate of the Appellate Court.

2. So where a decree in a suit for dower, finding the yearly value of the dower interest, and fixing the damages to be paid for the failure to give dower, from the time of the commencement of the suit, was affirmed as to the first part and reversed as to the damages, and remanded to the court below, with directions to have the damages assessed by a jury, it was *held,* that no appeal would lie from such judgment of the Appellate Court, as a new trial was to be had in the court below in respect to the damages for a refusal to assign dower.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Marshall county; the Hon. N. M. LAWS, Judge, presiding.

Mr. C. C. JONES, and Messrs. BARNES & MUIR, for the appellant.

Mr. FRED S. POTTER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition in the circuit court of Marshall county, brought by Lenora Schaffer, widow of George Schaffer, for an assignment of dower in a certain lot in Henry. George Schaffer died seized of the premises, and appellant, who was made defendant to the petition, acquired title under an administrator's sale. A decree was rendered in the circuit court that petitioner was entitled to dower in the premises, and commissioners were appointed to assign dower. The com-

missioners reported that the premises were not susceptible of division without manifest prejudice to the parties in interest. Upon the confirmation of the report, a jury was impaneled to inquire of the yearly value of the dower in the premises. The jury returned a verdict that the one-third net annual rental value of the premises was $128.50. Upon this verdict the court rendered a decree that appellant pay petitioner $128.50 on the 12th day of June, 1884, and yearly thereafter, and that the amounts should remain a lien on the premises. The decree then proceeds as follows: "And the court doth further find, that the one-third of the net annual rent value of said premises has been at the rate of $128.50 per annum since the 21st day of September, A. D. 1882; that the original bill of said Lenora Schaffer was filed on said day in this court, and no payment has been made to her in lieu of her dower and thirds in said rents since said bill was filed, and that she is entitled to recover of the said George Ball, as damages for the detention of her dower, from the time of the filing of her bill up to the time of the entry of this decree, the sum of $93.60." This sum appellant was decreed to pay as damages for the detention of the dower. For the purpose of reversing the decree rendered, the defendant appealed to the Appellate Court, where the decree of the circuit court was in all things affirmed, except that portion wherein appellant was decreed to pay $93.60 for and during that time which elapsed between the filing of the petition and the rendition of the decree. As to the payment of this amount the decree was reversed, and the cause remanded, with directions to call a jury and assess the damages from the time of filing the bill to the time when the decree was rendered. From this decision of the Appellate Court appellant appealed to this court, and assigned various errors. The appellee, however, contends that an appeal does not lie from the order of the Appellate Court, for the reason that no final judgment was rendered in that court.

The 90th section of the Practice act allows, appeals from the Appellate Court in certain specified cases: Where the judgment of the Appellate Court be that the order, judgment or decree of the court below be affirmed, or if final judgment or decree be rendered therein in the Appellate Court, or if the judgment, order or decree of the Appellate Court be such that no further proceedings can be had in the court below except to carry into effect the mandate of the Appellate Court. If appellant has the right to appeal, such right arises under and by virtue of this section of the statute.

The question presented, then, is, whether appellant's case falls within the terms of the statute. Was the judgment of the circuit court affirmed? Was a final judgment rendered in the case by the Appellate Court, or was the judgment of the Appellate Court such that no further proceedings can be had in the circuit court except to carry into effect the mandate of the Appellate Court? It is manifest upon an inspection of the judgment of the Appellate Court, that it does not fall within either of the three provisions of the statute. It is true, that as to the annual amount decreed to be paid, the decree was affirmed; but as respects the $93.60 the decree was reversed, and the cause remanded for a new trial before a jury. The statute nowhere provides for an appeal where a decree is affirmed in part and reversed in part, and the cause remanded for another trial. In *International Bank* v. *Jenkins,* 109 Ill. 219, in considering this section of the statute, we held that to give an appeal or writ of error from or to the circuit court, there must be a final disposition of the whole case as to all the parties. We also held that no appeal lies from an order of the Appellate Court reversing a decree in part and affirming in part, when the judgment of the Appellate Court is not such that no further proceedings can be had in the court below except to carry into effect the mandate of the Appellate Court. The Appellate Court remanded the cause, and it stands now for a new trial in the circuit court

of Marshall county, for the determination of the amount that shall ultimately be allowed the petitioner from the time of the filing of the petition to the entry of the decree.

The appeal will be dismissed.

*Appeal dismissed.*