HENRY GADE *et al.*

*v.*

THE FOREST GLEN BRICK AND TILE COMPANY *et al.*

*Filed at Ottawa October 11, 1895.*

1. APPEALS AND ERRORS—*appeal from Appellate Court to Supreme Court—construction of section 90 of Practice act.* An affirmance by the Appellate Court of a decree winding up an insolvent corporation under section 25 of the Corporation act, except as to certain priorities and the validity of an attempted reduction of capital stock, with leave to amend bill and fix stock liabilities on a different basis, is not appealable to the Supreme Court under section 90 of the Practice act, being neither a simple affirmance, a final decree, nor one which admits no further proceedings.

2. JUDGMENTS AND DECREES—*what is a final judgment.* A judgment or decree is final when it terminates the litigation between the parties on the merits of the case, so that when affirmed by the reviewing court the lower court has nothing to do but execute it.

Appeal from *Forest Glen Brick and Tile Co.* v. *Gade*, 55 Ill. App. 181, dismissed.

Appeal from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

H. S. MECARTNEY, for appellants:

The judgment of the Appellate Court is "such that no further proceedings can be had in the court below except to carry into effect the mandate of the Appellate Court." *Johnson* v. *Insurance Co.* 91 Ill. 92.

This court will not look into the opinion of the Appellate Court to determine what that court decided, but it must determine from the judgment and record what the effect of the decision of the Appellate Court is. *Coal Co.* v. *Peck*, 98 Ill. 139; *Harzfeld* v. *Converse*, 105 id. 534; *Cummins* v. *Holmes*, 109 id. 15.

A judgment that the judgment of the lower court bê reversed with costs, with directions to enter judgment

upon the findings for the plaintiff, as prayed for in the complaint, was held final in *Mower* v. *Fletcher*, 114 U. S. 127.

A decree which reserved to the court "such further directions as may be necessary to carry this decree into effect," etc., was held final for purpose of appeal in *Winthrop Iron Co.* v. *Meeker*, 109 U. S. 180.

ADELBERT HAMILTON, for appellees:

Reference may be made to the following cases on motion to dismiss appeal: *Railroad Co.* v. *Andrews*, 148 Ill. 27; *Fanning* v. *Rogerson*, 142 id. 480; *Jones* v. *Fortune*, 128 id. 518; *Anderson* v. *Fruitt*, 108 id. 378; *Harzfeld* v. *Converse*, 105 id. 534; *Bank* v. *Jenkins*, 104 id. 143; *Coal Co.* v. *Peck*, 98 id. 139; *Railroad Co.* v. *Healy*, 94 id. 416.

Mr. JUSTICE MAGRUDER delivered the opinion of the court :

The original and amended bills in this case were filed for the purpose of winding up an insolvent corporation, known as the Forest Glen Brick and Tile Company, under section 25 of the Corporation act. The subscribers to the capital stock of the corporation were made defendants. An intervening petition was filed by one of the creditors, and a cross-bill by one of the defendants. A receiver was appointed, who took possession of the real and personal property of the corporation and made sale thereof under the order of the court. A reference was taken to a master in chancery, who took testimony and made a report upon the issues involved. The capital stock of the corporation, as it was originally organized, was $100,000.00, divided into 1000 shares of $100.00 each. It was sought to hold the stockholders liable to the creditors upon their unpaid subscriptions to the capital stock upon the basis of the original capitalization of $100,000.00. It was contended by most of the stockholders, that there had been a reduction of the capital stock from $100,000.00 to $30,000.00, and that the stockholders should only be held liable for unpaid subscriptions, if there were any, to the

capital stock as thus reduced.   On the other hand, the creditors claimed, that the attempted reduction of the capital stock was fraudulent and void, and not accomplished in the manner required by the statute.   The circuit court rendered a decree, finding that there had been no legal reduction of the capital stock from $100,000.00 to $30,000.00, and how many shares had been subscribed by the stockholders respectively to the original capital stock of $100,000.00; finding also the total amount of assets in the receiver's hands for distribution, the respective amounts due from the stockholders upon their unpaid subscriptions to the capital stock upon the basis of the original capitalization of $100,000.00, the amounts due the various creditors upon their respective claims, the right of one creditor, the First National Bank of Bucyrus, Ohio, to be paid out of the assets in the receiver's hands before the claim of another creditor, C. F. Schumacher & Sons, should be paid therefrom; finding, also, the percentage necessary to be assessed upon the unpaid stock in order to pay the proven claims, and levying the amounts which the several stockholders were so liable to pay upon their unpaid subscriptions; and decreeing, that the master's and receiver's fees and disbursements, and the two claims above named, be paid in the order above named out of the cash assets, and that the stockholders should pay to the receiver the respective amounts so assessed against them, being in each case the percentage of the amount due from each stockholder upon his unpaid subscription to the capital stock of $100,000.00, as such percentage was thereinbefore fixed, and determined to be necessary to pay the established claims.   The decree contained other findings and provisions, but those above set forth are sufficient for an understanding of its general scope and character.

Upon appeal to the Appellate Court, that court, after hearing the cause, made the following order: "The court orders that the decree of the circuit court of Cook county

be affirmed in all things, except as to the priority allowed the claim of the First National Bank of Bucyrus, and except as it relates to the stockholders and the extent of their holdings, and their liability upon the basis of the original capitalization, but that in those respects the said decree is reversed, with directions to direct the payment of the said claim of the firm of C. F. Schumacher & Sons to the amount of $4702.09, and interest, out of the funds in the hands of the receiver derived from the property conveyed by the trust deeds securing the notes held by said firm for said amount, prior to the payment of the claim of the First National Bank of Bucyrus, and to permit appellees, if they so elect, to amend their pleadings to conform to the fact of the corporation having reduced its capital to $30,000, and upon that basis to ascertain the shareholders, the extent of their holdings and their respective liability, and to enter a new decree for the amounts for which they are severally liable ; but if the appellees shall elect not to amend, then the bill and cross-bill to be dismissed. And it is further considered by the court that the said plaintiffs in error recover of and from the said Henry Gade, Charles Harms and Walter H. Browne, defendants in error, their costs by them in this behalf expended, to be taxed, and that they have execution therefor." From this order or judgment the appellants here, who were appellees in the Appellate Court, appeal to this court; and the appellees here, who were appellants in the Appellate Court, move to dismiss the present appeal, upon the alleged ground that the judgment of the Appellate Court, as above set out, is not such a judgment, as can be brought by appeal to this court.

Under section 90 of the Practice act, a party to such a case as the one at bar can only remove the same from the Appellate Court to the Supreme Court by appeal or writ of error, "if the judgment of the Appellate Court be that the order, judgment or decree of the court below

be affirmed, or if final judgment or decree be rendered therein in the Appellate Court, or if the judgment, order or decree of the Appellate Court be such that no further proceedings can be had in the court below, except to carry into effect the mandate of the Appellate Court." (2 Starr & Cur. Stat. page 1853). An examination of the judgment here will show, that it fails to come within either of the three classes specified in the statute. It does not affirm the judgment of the lower court, but partly affirms and partly reverses it; and, while it is not stated in the judgment that the cause is remanded, yet, as the decree is reversed with directions, there must be a remandment before the trial court can carry out the directions. The decree is reversed so far as it fixes the liability of the stockholders upon the basis of unpaid subscriptions to a capital stock of $100,000.00, and provides for the ascertainment of their liability upon the basis of unpaid subscriptions to a capital stock of $30,000.00. The judgment is not final, nor is it such, that no proceedings can be had in the court below, except to carry into effect the mandate of the Appellate Court. When the case goes back to the trial court, and in the event that appellees shall not choose to allow their bill and cross-bill to be dismissed, it must be ascertained how and upon what principle the capital stock was reduced from $100,000.00 to $30,000.00, how many shares each stockholder held of the reduced stock, what subscriptions thereto had been paid in full, how much remained due from each stockholder whose subscription was not fully paid, what amount should be assessed against each holder of unpaid reduced stock in order to pay in full, or *pro rata*, the proven debts. To determine these matters requires substantially a further hearing of the cause and the rendition by the lower court of a new decree as to amounts, and perhaps as to parties.

A judgment or decree is said to be final when it terminates the litigation between the parties on the merits

of the case, so that, when affirmed by the reviewing court, the court below has nothing to do but to execute the judgment or decree it had already entered. (*Chicago and Northwestern Railway Co.* v. *City of Chicago*, 148 Ill. 141). It cannot be said here, in view of the action required to be taken by the circuit court when the case is remanded to it, that that court will have nothing to do but to execute its former decree. Where the judgment of the circuit court is reversed and the cause remanded, no appeal lies from the Appellate Court to the Supreme Court, as such judgment is in no sense final. (*Buck* v. *County of Hamilton*, 99 Ill. 507). This is equally true where the judgment of the circuit court is partly affirmed and partly reversed by the Appellate Court. The statute has not authorized an appeal or writ of error, where a decree is affirmed in part and reversed in part. (*International Bank* v. *Jenkins*, 109 Ill. 219). In the latter case, we said: "Where the cause is remanded for another trial on the merits, for a trial *de novo*, an appeal or writ of error will not lie under our statute, although the decree may have been affirmed as respects some of its provisions." (*International Bank* v. *Jenkins, supra*). In *Ball* v. *Schaffer*, 112 Ill. 341, where a decree, in a suit for dower, finding the yearly value of the dower interest, and fixing the damages to be paid for the failure to give dower from the time of the commencement of the suit, was affirmed as to the first part and reversed as to the damages, and remanded to the court below, with directions to have the damages assessed by a jury, it was *held*, that no appeal would lie from such judgment of the Appellate Court, as a new trial was to be had in the court below in respect to the damages for a refusal to assign dower. When the new decree is entered below in the case at bar, new and different liabilities must be ordered and determined; and as these liabilities are to be based upon interests in the capital stock as reduced, the defendants below, who were ordered by the first decree to pay certain amounts, may be required to

pay different amounts, and some of them may not be required to pay anything.

The decree is not brought within the terms of the statute by the fact, that the appellees are therein given the right to elect whether they will seek to enforce the liability of the defendants as holders of the reduced capital stock, or to suffer their bill and cross-bill to be dismissed. Where the particular mode of executing the decree is made by the judgment of the Appellate Court to depend upon the exercise of an option by the complainants in the lower court, the case must go back to the lower court, because it is there only that the option so conferred can be exercised; and hence the judgment is not of such a character that it can be brought to this court by appeal or writ of error. (*Chicago and Northwestern Railway Co.* v. *City of Chicago, supra*).

The motion to dismiss the appeal is granted; and the appeal is dismissed.                    *Appeal dismissed.*