MARY C. B. GRISWOLD *et al.*

*v.*

WILLIS D. SMITH.

*Opinion filed February 21, 1905.*

APPEALS AND ERRORS—*when judgment of Appellate Court is not a final one.* A judgment of the Appellate Court partly affirming and partly reversing an order of the circuit court fixing the compensation of an executor and remanding the cause to the circuit court, with directions to ascertain and allow, jointly, the fees of the three executors of the estate unless one or more of them shall relinquish their right or fail to make application within thirty days after the cause is re-docketed, is not a final judgment which may be reviewed by appeal or writ of error.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

This is a writ of error, sued out from this court by Mary C. B. Griswold and Edward B. Griswold, two of the executors of the estate of Edward P. Griswold, deceased, as plaintiffs in error for the purpose of reviewing the following judgment entered by the Branch Appellate Court for the First District:

"On this day came the said parties, and the court having diligently examined and inspected as well the record and

proceedings aforesaid as the matters and things therein assigned for error, and being now sufficiently advised of and concerning the premises, are of the opinion that in the record and proceedings aforesaid, and in the rendition of the order aforesaid, there is manifest error; therefore, it is considered by the court that, for that error and others in the record and proceedings aforesaid, the order of the circuit court of Cook county, in this behalf rendered, be reversed, annulled, set aside, and wholly for nothing esteemed, in so far as it fixes appellee's fees at $2000.00; and that this cause be remanded to the circuit court of Cook county with directions to that court to ascertain and allow jointly the fees of the three executors of the estate of Edward P. Griswold, deceased, for their services as such, unless one or more of them waive and relinquish his or their right thereto, or fail to make an application in that regard within thirty days after the re-docketing of this cause in the circuit court. If, at the end of the thirty days, appellee be the only executor who applies for compensation, such court shall allow him $2000.00. It is further ordered by the court that, in all other respects, said order be, and the same is hereby affirmed, and stands in full force and effect, notwithstanding the said matters and things herein assigned for error. And it is further considered by the court that each party pay its own costs in this behalf."

Mary C. B. Griswold, the widow, and Edward B. Griswold, the son of Edward P. Griswold, deceased, and Willis D. Smith, the defendant in error herein, were executors of the last will and testament of the said Edward P. Griswold. On January 31, 1901, an order was entered by the probate court of Cook county in the matter of the estate of said Edward P. Griswold, deceased, approving the final account of the executors, "showing receipts amounting to $128,893.09, and disbursements, including the amount paid to the widow of said decedent on her award, and the amount in cash and in kind turned over to the legatees under the will of said decedent, amounting to $128,893.09;" and approving the final

account of the executors of the will of said deceased, and declaring said estate settled and discharging said executors. Said order of January 31, 1901, showed that the widow and heirs-at-law of the decedent, and the legatees and devisees under his will, entered their appearance in the matter of said final account, waived notice, and consented to the approval of said final account and the discharge of said executors.

On February 8, 1901, Willis D. Smith, defendant in error herein, and one of the executors of the will of the said Edward P. Griswold, deceased, moved the court that the order so entered on January 31, 1901, be vacated and set aside. On March 8, 1901, the motion of Smith to vacate and set aside said order was denied.

Smith then took an appeal to the circuit court of Cook county, and on March 21, 1903, the circuit court of Cook county reversed the decision of the probate court, and granted Smith's motion to set aside said final order, and fixed his fee at the sum of $2000.00. The order, made by the court on March 21, 1903, after reciting that there came on for hearing in the matter of the estate of Edward P. Griswold, deceased, the appeal of Willis D. Smith, one of the executors in said estate, from the order of the probate court, entered on the 8th day of March, 1901, denying the motion of said Willis D. Smith to set aside and vacate the order of said probate court, entered on the 31st of January, 1901, approving the final account of the executors of said estate, and declaring said estate settled, and discharging said executors, and that said probate court allow to him as such executor a reasonable and proper fee for his services as such executor, and after reciting that the parties were present by their counsel, and that the court heard said motion, and the evidence offered thereon, and the arguments of counsel, and considered the same, and found that the probate court erred in denying said motion of Willis D. Smith, executor as aforesaid, and in refusing to set aside its said order of January 31, 1901, and to allow said Smith a reasonable and proper sum for his

services as executor, thereupon ordered "that said order of the probate court of January 31, 1901, declaring said estate settled and discharging the said executors and approving their final account, be and the same is hereby set aside, and that there be paid to said Willis D. Smith as and for his services as such executor the sum of $2000.00, which the court now finds to be a reasonable and proper executor's fee for his said services to said estate; and this cause is now remanded to the said probate court of Cook county, and the said probate court is hereby directed to take such further proceedings, as may be necessary to cause the re-payment into said probate court by the legatees and beneficiaries under the said will of said Griswold of such sum or sums as may be necessary to satisfy and pay to said Smith the said sum, hereby allowed him as his fees for his services as such executor."

From the order so entered by the circuit court of Cook county on March 21, 1903, Mary C. B. Griswold and Edward B. Griswold executors, took an appeal to the Appellate Court, and upon such appeal the Appellate Court entered the judgment which is above set forth.

HENRY S. SHEDD, for plaintiffs in error.

SAMUEL A. LYNDE, and SHERMAN M. BOOTH, for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

In the present case we pass no opinion upon the merits of the controversy, or upon any of the questions involved and discussed by counsel, as the writ of error must be dismissed because the judgment of the Branch Appellate Court, here sought to be reviewed, is not a final judgment.

Under section 90 of the Practice act a party to such a cause as the one at bar can only remove the same from the Appellate Court to the Supreme Court by appeal or writ of

error, "if the judgment of the Appellate Court be that the
order, judgment or decree of the court below be affirmed,
or if final judgment or decree be rendered therein in the
Appellate Court, or if the judgment, order, or decree of the
Appellate Court be such that no further proceedings can be
had in the court below, except to carry into effect the man-
date of the Appellate Court." (3 Starr & Curt. Ann. Stat.
—2d ed.—p. 3153). An examination of the judgment of
the Appellate Court here shows that it fails to come within
either of the three classes specified in the statute. It does not
affirm the judgment of the circuit court, but partly affirms
and partly reverses it, and remands the cause to the circuit
court "with directions to that court to ascertain and allow
jointly the fees of the three executors of the estate of Ed-
ward P. Griswold, deceased, for their services as such," etc.
The judgment of the Appellate Court is not final, nor can it
be said that no proceedings can be had in the court below
except to carry into effect the mandate of the Appellate
Court. When the case goes back to the circuit court, and
in the event that one or more of the three executors do not
waive and relinquish his or their right to compensation, it
must be ascertained by the circuit court what fees should be
jointly allowed to the three executors. To determine this
matter may require a further hearing before the circuit
court, and the rendition of a new order by that court as to
the fees of the executors.

Section 133 of the Administration act provides that "ex-
ecutors and administrators shall be allowed as compensa-
tion for their services a sum not exceeding six percentum on
the amount of personal estate, and not exceeding three per-
centum on the money arising from the sale of real estate,
with such additional allowances for costs and charges in
collecting and defending the claims of the estate and dispos-
ing of the same, as shall be reasonable." (1 Starr & Curt.
Ann. Stat.—2d ed.—p. 348). It is a matter peculiarly
within the province of the probate judge to determine the

proper amount of compensation to be allowed to an administrator or executor for his services, provided the amount does not exceed the percentage specified in the statute. In *Askew* v. *Hudgens,* 99 Ill. 468, we said (p. 470): "And when such judge, in view of all circumstances, has exercised his judgment in the matter, and determined what is the proper compensation to be allowed to the administrator for his services, it should be a plain case of the wrongful exercise of judgment which would justify another court in increasing such allowance."

By the order of the circuit court, from which an appeal was taken to the Appellate Court, defendant in error, Smith, as one of the executors of the estate, was allowed the sum of $2000.00, but the two other executors, the widow and the son, were not allowed anything. The judgment of the Appellate Court directs that the circuit court shall ascertain what fee shall be jointly allowed to all of the three executors, holding that the circuit court erred in making a separate finding for fees in favor of defendant in error alone, who was but one of three executors. Upon consideration of the question what fee should be allowed the three executors, the circuit court might be inclined to change the allowance of $2000.00 to Smith alone. The receipts and disbursements, as shown by the final account of the executors, amounted to $128,893.09. Six per cent of this amount would be $7733.58, one-third of which would amount to $2577.86. In allowing Smith $2000.00, the circuit court allowed him more than $500.00 less than one-third of six per cent. It was evidently the judgment of the circuit court that the fee to be allowed should be less than six per cent upon the amount of the receipts and disbursements. But whether, upon a further consideration of the matter, the circuit court would allow each of the three executors $2000.00 does not appear, and cannot be made to appear until a further hearing is had. "When the compensation is made in the form of commissions on the value or amount of the estate, the rate

of the commissions is not ordinarily affected by the number of the executors or administrators, but the amount which may be allowed will be divided among them, and, as a general rule, an equal division will be made. There is, however, no rule of law or equity, which declares that co-representatives, without regard to the time spent, responsibility assumed, or service rendered, are entitled to an equal *pro rata* share of the statutory fees." (17 Am. & Eng. Ency. of Law, —2d ed.—p. 633).

It has been said that a judgment or decree is final when it terminates the litigation between the parties, so that, when affirmed by the reviewing court, the court below has nothing to do but to execute the judgment or decree it had already entered. It cannot be said here, in view of the action required to be taken by the circuit court when the case is remanded to it, that that court will have nothing to do but to execute and carry into effect the mandate of the Appellate Court. As a general rule, where the judgment of the circuit court is reversed and the cause is remanded, no appeal lies from the Appellate Court to the Supreme Court, as such judgment is in no sense final; and this is equally true where the judgment of the circuit court is partly affirmed and partly reversed by the Appellate Court, as the statute has not authorized an appeal or writ of error where a decree is affirmed in part or reversed in part. (*Gade* v. *Forest Glen Brick Co.* 158 Ill. 39, and cases there referred to; *Callahan & Son* v. *Ball,* 197 id. 318).

It is true that the judgment of the Appellate Court gives to the present plaintiffs in error an option to decide whether or not they will waive and relinquish their respective rights to the fees to be allowed, or to any part thereof; but the case must go back to the circuit court, because it is there only that the option so conferred can be exercised. (*Gade* v. *Forest Glen Brick Co. supra.*)

We are of the opinon that the judgment of the Appellate Court in this case is not such a judgment, under the provi-

sions of section 90 of the Practice act, as warrants an appeal therefrom to this court, or a review thereof by writ of error issued from this court.

Accordingly, the present writ of error is dismissed.

*Writ dismissed.*