BYRON L. SMITH, Receiver,

*v.*

GEORGE F. KIMBALL.

*Filed at Ottawa May 16, 1889.*

1. ASSIGNMENT OF ERROR—*for what cause—and by whom—as to judgment entered pro forma, by consent.* A party can not complain of an error which he has himself induced the court to make, or has consented to.

2. So where the judgment or decree of the trial court is affirmed by the Appellate Court, *pro forma,* on the motion of the appellant, under a stipulation of the parties that the decree or judgment shall be so affirmed, the appellant, on an appeal to this court, can not assign for error the judgment of the Appellate Court so entered at his request.

3. APPELLATE COURT—*duty to hear and decide cases on the merits.* Where a case is taken to the Appellate Court, it is the duty of that court to hear and decide it on its own judgment, and file a written opinion, briefly giving its reasons for its decision.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. WALKER & EDDY, for the appellant.

Mr. H. W. WOLSELEY, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Bill was filed in the Superior Court of Cook county, praying the appointment of a receiver for the Traders' Bank of Chicago. Upon hearing, the Superior Court decreed that a receiver be appointed, as prayed. An appeal was taken from that decree to the Appellate Court for the First District, and thereupon a stipulation was entered into, in writing, by the solicitors of the respective parties, and filed in the Appellate Court, as follows, omitting the caption: "It is hereby stipulated between the parties interested in the above appeal, that the order appealed

from, which was entered on the 13th day of December, A. D. 1888, in the Superior Court of Cook county, may be affirmed *pro forma* by the Appellate Court for the First district, State of Illinois, and the cause carried direct to the Supreme Court." The Appellate Court thereafter entered an order in the case, as follows, from which this appeal is prosecuted, namely, (omitting the caption): "This day came said parties, by their respective counsel, and, on motion of appellant, it is ordered by the court that the judgment of the Superior Court of Cook county be and the same is hereby affirmed, in all things, *pro forma*, in accordance with the stipulation filed herein." Then follow a judgment for costs and an order allowing an appeal to this court. The several errors assigned are, in effect, that this judgment is erroneous, giving specific reasons.

It is obvious from the foregoing recitals,—first, that the judges of the Appellate Court exercised no judgment upon the questions involved in this case, for the *pro forma* entry was made, not because they thought the merits of the case demanded it, but because they were requested to enter it; and second, that the judgment entered was requested by appellant to be entered precisely as it was entered, and if there was error committed thereby, it was therefore committed by the request of appellant.

When a case is taken to the Appellate Court, it is the duty of that court to hear and decide it, and file a written opinion briefly giving its reasons for its decision. See section 17 of act to establish Appellate Courts, (Laws of 1877, p. 69,) and act amendatory thereof, (Laws of 1885, p. 65, sec. 1.) But a party can not complain of an error which he has himself induced the court to make. And so here, if appellant is adversely affected by an erroneous judgment, it is simply because he consented and requested that it be entered. He can not assign error upon it. *Armstrong et al.* v. *Cooper*, 11 Ill. 540.

The judgment is affirmed.

*Judgment affirmed.*