## Mary C. B. Griswold, et al., v. Willis D. Smith.

### Gen. No. 11,287.

1. ORDER—*when, not entered by consent.* A final order entered in a deceased's estate, settling the same, is not deemed to have been by consent where it was entered in the usual way, notwithstanding it appears from the order that the parties in interest consented to the approval of the report of the executors and to their discharge.

2. ORDER—*when, may be set aside.* An order settling an estate and discharging the executors thereof may, at the discretion of the court, be set aside at any time prior to the expiration of the term of entry, and the denial of a motion so to set aside the same is subject to review.

3. ORDER—*when notice of motion to set aside, is not essential.* It is not essential that executors 'seeking to set aside a final order in an estate, should give the heirs and beneficiaries notice of such motion.

4. ORDER—*when, not personal against heirs.* Held, that the particular order in this case, allowing fees to an executor, was not personal against the heirs of the deceased, but was in due form.

5. EXECUTOR—*when, does not waive claim to fees.* The distribution of an estate and the approval of the final account does not debar the executor from his right to fees if he asserts the same during the term at which the final order in the estate is entered.

6. EXECUTOR—*right of, to appeal.* An executor has the right to appeal from an order refusing to set aside the final settlement of an estate and to make him an allowance for fees.

7. APPEAL BOND—*when and how objected to.* The insufficiency of an appeal bond and its failure to conform to the order granting the appeal should be specifically pointed out in the court to which the appeal is taken.

8. JOINT EXECUTORS OR ADMINISTRATORS—*how fees of, should be allowed.* Where fees are allowed to joint executors or administrators, a gross sum should be fixed; and it is error for the court to undertake to distinguish between the services of such joint executors or administrators, or to determine how much each, or any of them, may have earned.

Proceeding in Probate Court for recovery of fees as executor. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed in part, reversed in part and remanded with directions. Opinion filed October 4, 1904.

HENRY S. SHEDD, for appellants.

S. A. LYNDE and SHERMAN M. BOOTH, JR., for appellee.

MR. PRESIDING JUSTICE STEIN delivered the opinion of the court.

Mary C. B. Griswold and Edward B. Griswold, appellants, and Willis D. Smith, appellee, were executors of the last will and testament of Edward P. Griswold, deceased. After the Probate Court of Cook county had by its order duly entered confirmed the final account of the executors and had discharged them and declared the estate of the deceased settled, appellee moved the Probate Court to set aside the order and fix and allow his fees as one of said executors. This motion was denied, and appellee appealed therefrom to the Circuit Court of Cook county, which reversed the ruling of the Probate Court, granted appellee's motion to set aside the order of settlement and fixed his fees at $2,000. The present appeal is from the action of the Circuit Court.

It appears without controversy that the total amount of the personalty collected and disbursed by the executors was $128,893; that the greater part of the work was done by appellee; that he prepared the final report and signed it at the request of Mr. Schwender, the attorney for the executors; that at this time he told the attorney that he desired and would insist on the payment of his fees as one of the executors. Mr. Schwender said that on presenting the report to the Probate Court for approval he would submit to it the question of the amount of the fees that should be allowed appellee, and relying on this promise he delivered to Schwender the report signed by himself and the other executors. On January 31, 1901, Schwender presented the report to the Probate Court which approved it and entered an order discharging the executors, but he did not ask the court to fix appellee's fees for his services as executor, and no order was made in regard to his fees or those of his co-executors. Two days later appellee learned of this and he thereupon requested Mr. Schwender to go with him to the probate judge. Upon his failing to do so, appellee, on February 6, 1901, (being the same term at which the order approving the report had been entered)

moved the court to set it aside and fix and allow him his fees as executor, which motion was denied.

On the hearing in the Circuit Court appellee's co-executors appeared by Mr. Schwender as their attorney and filed their answer in which they claimed among other things that the widow and the children of the deceased should be made defendants and moved the court to dismiss the appeal. The motion was overruled, and the court having heard evidence as to the services rendered by the executors ordered that the order declaring the estate settled and discharging the executors be set aside and that there be paid appellee for his services as one of them the sum of $2,000, and remanded the cause to the Probate Court with directions to take such further proceedings as might be necessary to cause the repayment into the Probate Court by the legatees and beneficiaries under the will of such sum or sums of money as would be sufficient to pay appellee's fees.

First. The record shows that the appellee prepared the final report and account, and that the widow and heirs of the deceased and the beneficiaries under his will consented thereto and ratified the same before presentation to the Probate Court. It is therefore contended that its final order was entered by consent and cannot be vacated or set aside except for fraud, accident or mistake, none of which occurred. We do not regard the order as entered by consent. True, as appears from its recitals the parties in interest consented to the approval of the report and discharge of the executors, but they did not consent to the making of the court's order in that behalf. In First Nat. Bank v. Ill. Steel Co., 174 Ill. 140, 154, cited by appellants, it was a part of the order that "all parties in interest in open court consented" thereto. The order at bar was made by the court in the usual way, and no consent to the making of it appears.

Second. It is next insisted that although the motion to set aside the order was made during the same term it was entered, yet having been once made and entered by the

court in the exercise of its equity powers the order was beyond its control and could only be amended, changed or vacated by a bill of review or a petition to impeach the order; and Hughs v. Washington, 65 Ill. 245, is cited to sustain this view. While it is said in that case that after the decree is spread upon the records the whole matter is beyond the control of the chancellor unless it be upon a bill of review, or a bill to impeach the decree, or some such subsequent proceeding, still the precise question was not before the court, and it has been repeatedly held in subsequent cases that a decree, together with the record of other proceedings during the term it is entered, remains *in fieri* and under the control of the court to amend, change or vacate, as justice may require. Danforth v. Danforth, 105 Ill. 603; Shannahan v. Stevens, 139 id. 428.

Third. The bond executed by appellee upon his appeal from the Probate Court runs to his co-executors only, and not to the widow, heirs and legatees; nor was any notice given to the heirs of the application to set aside the order of final settlement of the estate of the deceased, as required by section 112 of the Administration Act. Hence it is argued that the appeal should have been dismissed by the Circuit Court for want of necessary parties and that it did not acquire jurisdiction of the cause. It does not follow that because "no final settlement shall be made and approved by the court. unless the heirs of the decedent have been notified thereof in such manner as the court may direct," therefore they must also be notified of an application to set the settlement aside. The statute does not require it, and for the purposes of the application the heirs and beneficiaries are represented by the executors or by the person that may be appointed "to appear and defend for the estate" under section 72 of the act in regard to demands of executors or administrators. Where the order of final settlement is vacated and annulled, the heirs will have their day in court whenever the court will be again asked to discharge the executor and approve his final report and account. So in this case the heirs will then be heard as to

any objections they may wish to present to the allowance to appellee for his services as executor.

Fourth. We do not agree with appellants in their contention that where the executor has voluntarily parted with his possession of the estate and made distribution and final settlement without deducting his fees or obtaining an order of court fixing the amount thereof, his remedy and right to fees is thereby waived and abandoned. It is very clear that appellee did not intend to waive payment of any compensation to which he was entitled. When he signed the report and left it with Mr. Schwender to be presented to the Probate Court, he expressly told him that he desired to be paid his fees as one of the executors, to which Mr. Schwender answered that he would submit the matter to the court, and appellee said he would be satisfied with whatever sum the court should think was fair and reasonable. There is nothing in the statute giving rise to an inference or justifying the conclusion that the distribution of the estate and the approval of the final report debars the executor from his right to fees if he asserts it during the term. Section 133 of the act provides that "executors and administrators shall be allowed as compensation for their services a sum not exceeding six per centum on the amount of personal estate." No time for making the allowance is prescribed; and there is no reason why (provided the court still retains jurisdiction) the order may not be made after the approval of the final report as well as before or at the time. No doubt the better practice is to procure the allowance at the time, but that is not the question here.

Fifth. As a further reason why the Circuit Court should have dismissed the appeal it is said that the appeal bond to that court is not in conformity with the order granting the appeal in that it allows an appeal to Willis D. Smith, executor, etc., in his representative capacity, whereas the bond is executed by him as an individual. The abstract of the record does not show that Smith prayed an appeal as executor or was to execute the bond as such, and we shall not

search the record in order to determine whether the statement of counsel is correct. Rule 18 of this court requires "a party bringing a cause into this court to furnish a complete abstract or abridgment of the record." Kellogg Newspaper Co. v. Loan Ass'n, 210 Ill. 419. Furthermore, the precise point is made in this court for the first time. Had it been made in the court below, a new bond might have been filed. It was not sufficient for appellants to state as they did in the court below, as one of their grounds for dismissing the appeal, that the bond "is not in conformity with the order of the Probate Court granting the appeal." They should have specifically pointed out in what respect the bond failed to conform to the order.

Sixth. The appeal was properly taken from the action of the Probate Court by which it refused to set aside the order approving the final account, and to fix and allow appellee's fees. Under section 124 of the Administration Act "appeals shall be allowed * * * in favor of any person who may consider himself aggrieved by any judgment, order or decree of such court." It was the order refusing appellee's motion which was final as to him and under which he had a right to "consider himself aggrieved" by being deprived of all compensation for the services he had rendered. He could not appeal from the order approving the final account as suggested by counsel because it contained no adjudication personal to himself. Had he done so the questions involved in the appeal would not have been brought up for review. The first time the Probate Court was asked to take action in the matter of his fees was when he made the motion to set aside the account.

Seventh. Appellants are under a misapprehension when they maintain that the Circuit Court in fixing appellee's fees at $2,000, rendered a personal judgment against them. The record does not so read. It only directs "that there be paid to said Willis D. Smith as and for his services as such executor the sum of $2,000, which the court now finds to be a reasonable and proper executor's fee for his said services to said estate." That this is in no sense a personal judg-

Griswold v. Smith.

ment appears from the further provision remanding the cause to the Probate Court and directing it " to take such further proceedings as may· be necessary to cause the repayment into said Probate Court by the legatees and beneficiaries under said will of said Griswold of such sum or sums as may be necessary to satisfy and pay to said Smith the said sum hereby allowed him as his fees for his services as such executor."

We are of opinion, however, that the Circuit Court erred in making a separate finding for fees in favor of appellee, who was but one of three executors.   The finding should have been joint and an entirety in favor of all of them.   In contemplation of law, whatever services one or more rendered, were rendered by all of them in their collective official capacity and not otherwise.   It is not for the court to distinguish between the services of either or to determine how much each or any one of them may have earned.

The order appealed from is therefore reversed in so far as it fixes appellee's fees at $2,000, and the cause is remanded to the Circuit Court with directions to ascertain and allow jointly the fees of the three executors of the estate of Edward P. Griswold, deceased, for their services as such, unless one or more of them waive and relinquish his or their right thereto or fail to make an application in that regard within thirty days after the redocketing of this cause in the Circuit Court.   If at the end of the thirty days appellee be the only executor who applies for compensation, said court shall allow him $2,000.   In all other respects said order is affirmed.

In disposing of this cause we do not wish to be understood as expressing any opinion as to the nature or character of the proceedings to which the Probate Court may resort for the purpose of providing the means with which to pay the fees of the executors, as we do not regard that question as being before us for decision.

*Affirmed in part, reversed in part with directions, and remanded.*