MARY C. B. GRISWOLD *et al.*

*v.*

WILLIS D. SMITH.

*Opinion filed April 17, 1906.*

1. EXECUTORS AND ADMINISTRATORS—*notice to widow and heirs of motion to set aside order approving the report is unnecessary.* Notice of a motion by one of the executors to set aside an order approving a final report of the executors and to allow him his fees for services as executor need not be given to widow, heirs and legatees.

2. SAME—*when court has jurisdiction to entertain motion to allow fees to executor.* Where an order approving the final report of executors omits to make any provision for fees, the court may entertain a motion, made at the same term, to set aside the order and make an allowance for executor's fees, even though the order approving the report be regarded as entered by consent, where the omission is the result of the fraud or mistake of the attorney representing all the parties, who violated his promise to bring the matter to the attention of the court.

3. SAME—*court should fix fees of executor in absence of express waiver.* In the absence of an express waiver by an executor of his right to fees it is the duty of the court of probate to determine the amount to be allowed to him, and the fact that the executor makes no entry for fees in his final report is not a waiver, since he has no right to fix his own fee.

4. APPEALS AND ERRORS—*when order is appealable.* An order denying a motion by one of the executors of an estate to set aside an order approving the final report of the executors and to allow him his fees for services as executor is final and appealable.

5. SAME—*party cannot assign error on judgment of Appellate Court which he requested.* Where a judgment is affirmed by the Appellate Court *pro forma* upon motion of the appellant, under a stipulation of the parties that it shall be so affirmed, the parties can not assign error upon such judgment.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

Edward P. Griswold died leaving a last will and testament, and left him surviving, as his widow, heirs and lega-

tees, Mary C. B. Griswold, Edward B. Griswold, Mary Maude Griswold, Grace Griswold and Harold T. Griswold. By the terms of the will the widow, Mary C. B. Griswold, the son, Edward B. Griswold, and one Willis D. Smith were appointed executors, and qualified. Willis D. Smith had been the cashier and credit man for the firm of Griswold, Palmer & Co., of which the deceased testator was a member; having been appointed executor jointly with the widow and son by the probate court, Smith took active charge of the administration of the affairs of the estate. The total amount of personalty collected by the executors, was $128,893.00. The sole legatees and beneficiaries were the widow and the four children. The attorney for the executors was John Schwender, who married one of the daughters of the testator, Mary Maude Griswold while the estate was in the probate court. Appellee, Willis D. Smith, one of the executors, prepared the final report for himself and the other executors, and gave it to Schwender to be presented to the probate court for approval. When appellee signed the report, he told Schwender that he desired to be paid his fees, as one of the executors of the estate, and would insist on the payment of his fees. Schwender asked him what amount he wanted, to which he replied that he expected to be paid the usual fees, paid to executors under the circumstances. Schwender stated to him that, on presenting the report to the probate court for approval, he would submit the question of the amount of fees, that should be allowed, to the court, and appellee said he would be satisfied with whatever amount the court should think was fair and reasonable. He thereupon delivered the report to Schwender at the latter's office after the other executors had signed it. Schwender took the report, presented it to the probate court, and had it approved, and procured the entry of an order discharging the executors, but did not ask the court to fix the fee to be allowed appellee for his services as executor, and did not ask the court to make an order allowing him his fees as executor.

The order of the probate court, approving the final account of Smith and his co-executors, was entered on January 31, 1901, and said order at the same time declared the estate settled, and discharged the executors. Two days later appellee learned that the report had been approved and that Schwender had not, before procuring its approval, had the amount of his compensation, as executor, fixed by the court. He thereupon requested Schwender to go with him to see the probate judge, but Schwender did not go with him, and on February 6 during the January term, being the same term at which the order above mentioned had been entered, appellee filed his motion and affidavit in the probate court, asking that the order of January 31, 1901, be vacated, and that the amount of his fees as executor be fixed. This motion, however, was denied by the probate court. The last order was entered on March 8, 1901, and is as follows: "This cause coming on to be heard on the motion of Willis D. Smith, one of the executors of the last will and testament of Edward P. Griswold, deceased, praying that the order of this court entered January 31, 1901, approving the final account of the executors of the last will and testament of said deceased and declaring said estate settled and discharging said executors, be vacated and set aside, and that his fees as one of the executors be fixed and allowed by this court, and all parties in interest being present in open court or represented by counsel, on hearing had, it is ordered by the court that the prayer of said motion be, and the same is, hereby denied." From this order of March 8, 1901, Smith prayed an appeal to the circuit court, which was allowed. On the hearing in the circuit court the widow, Mrs. Griswold, and Edward B. Griswold, co-executors with appellee, appeared by Schwender as their attorney and filed their answer in which, among other things, they claimed that the widow and the four children, the sole devisees, should be made defendants, and moved the court to dismiss the appeal, and filed Schwender's affidavit in support of the motion. This affi-

davit substantially admits the material facts, set up in the affidavit of appellee as above referred to. The circuit court denied the motion to dismiss the appeal, and, after hearing evidence as to appellee's services as executor, reversed and set aside the order of the probate court denying the appellee's motion, and ordered that the order of January 31, 1901, declaring said estate settled, be set aside, and that there be paid to appellee for his services as executor the sum of $2000.00, "which the court now finds to be a reasonable and proper executor's fee for his services to said estate; and this cause is now remanded to the said probate court of Cook county, and the said probate court is hereby directed to take such further proceedings, as may be necessary to cause the re-payment into said probate court by the legatees and beneficiaries, under the said will of the said Griswold, of such sum or sums as may be necessary to satisfy and pay to said Smith the said sum hereby allowed him as his fees for his services as such executor." From this order, entered by the circuit court of Cook county on March 21, 1903, Mrs. Griswold and Edward B. Griswold took an appeal to the Appellate Court.

On October 4, 1904, the Appellate Court rendered a judgment, reversing the order of the circuit court in so far as it fixed appellee's fees at $2000.00, and remanded the cause to the circuit court with directions to that court to ascertain and allow jointly the fees of the three executors of the estate of Edward P. Griswold, deceased, for their services as such, "unless one or more of them waive and relinquish his or their right thereto or fail to make an application in that regard within thirty days after the re-docketing of this cause in the circuit court. If, at the end of thirty days, appellee be the only executor who applies for compensation, said court shall allow him $2000.00. In all other respects said order is affirmed." From this judgment of October 4, 1904, the present appellants prayed an appeal to this court, but said appeal was denied. They then prosecuted a writ of

error to this court. This writ of error was dismissed by this court for the reason that the judgment of the Appellate Court was not a final judgment. (*Vide Griswold* v. *Smith,* 214 Ill. 323). In the case of *Griswold* v. *Smith, supra,* the judgment of the Appellate Court, and some of the orders entered by the probate and circuit courts, are set forth.

On March 25, 1905, the remanding order of the Appellate Court was filed in the circuit court, and the cause was there re-docketed, notice of which was served on the appellants, and also notice that the cause would be set down for hearing, and that appellee would ask the circuit court to take such further proceedings, and make such order as should conform to the mandate of the Appellate Court.

On May 9, 1905, the circuit court in the re-docketed case entered the following order, namely: "Said cause further coming on to be heard in pursuance of the remanding order of the Appellate Court, etc., and it appearing to the court that due notice of the motion of said Willis D. Smith having been duly served on Mary C. B. Griswold and Edward B. Griswold, the remaining executors of said estate, and that said Mary C. B. Griswold and Edward B. Griswold have not made any claim to be allowed compensation as such executors, and that said Smith is the only executor who has applied and now applies for compensation as such executor, and the court having heard the argument of counsel and having carefully considered the opinion of the Appellate Court, doth find: That the probate court erred in denying the motion of Willis D. Smith, executor of said estate, and in refusing to set aside the order of said probate court, entered January 31, 1901, and to allow to said Smith a reasonable and proper sum for his services as executor. It is further ordered that said order of said probate court, entered January 31, 1901, declaring said estate settled and discharging said executors and approving their final account, be, and the same is hereby set aside, and that there be paid to said Willis D. Smith as and for his services as such executor, the

sum of $2000.00, which the court now finds to be a reasonable and proper executor's fee for his services to said estate; and this cause is now remanded to the said probate court, and said probate court is hereby directed to take such further proceedings as may be necessary to cause the re-payment into said probate court by the legatees and beneficiaries under the said will of said Griswold of such sum or sums as may be necessary to satisfy and pay to said Smith the said sum hereby allowed him as his fees for his services as such executor." Objection was made and exception was taken to the foregoing order and judgment.

From the order and judgment of May 9, 1905, the appellants prosecuted a writ of error to the Appellate Court, assigning as errors the action of the circuit court in denying their motion to dismiss the proceeding and in rendering the judgment of May 9, 1905. The judgment of May 9, 1905, so entered by the circuit court, was affirmed by the Appellate Court. The present appeal is prosecuted from such judgment of affirmance.

HENRY S. SHEDD, for appellants.

S. A. LYNDE, and SHERMAN BOOTH, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

There were three executors of the estate of Edward P. Griswold, deceased, to-wit, the widow Mary C. B. Griswold, one of the sons, Edward B. Griswold, and the appellee, Willis D. Smith. The judgment, entered by the Appellate Court on October 4, 1904, remanded the cause to the circuit court of Cook county with directions to that court to ascertain and allow jointly the fees of the three executors for their services as such, "unless one or more of them waive and relinquish his or their right thereto, or fail to make an application in that regard within thirty days after the re-docketing of this cause in the circuit court. If at the end of thirty days ap-

pellee be the only executor, who applies for compensation, said court shall allow him $2000.00." When the cause was re-docketed in the circuit court after the judgment of the Appellate Court entered on October 4, 1904, the circuit court, on May 9, 1905, entered a judgment, from which it appears that the widow and the son, two of the executors, did not make any claim to be allowed compensation as such executors, and that said Smith was the only executor, who applied for compensation as such executor; and it was thereupon ordered by the court that there be paid to appellee, as and for his services as such executor, the sum of $2000.00, which the court found to be a reasonable and proper executor's fee for his services to said estate.

Inasmuch as the widow and son, acting as executors, failed to make any application for their fees, the only question in this case is, whether the judgment of the court, allowing the appellee $2000.00 as fees for his services as executor, is correct or not. It is not denied on the part of the appellants that the appellee performed valuable services for the estate as executor, nor is it claimed that the sum of $2000.00 is an unreasonable amount to be allowed to the appellee as executor for such services. As is shown in the case of *Griswold* v. *Smith,* 214 Ill. 323, the sum of $2000.00 is much less than the amount authorized by the statute to be allowed to the appellee for his services under the circumstances of this case. As the objections to the allowance of the sum of $2000.00 did not question the value of the services, nor the amount of the allowance, the objections to the allowance are of a somewhat technical character.

On January 31, 1901, the court below entered an order, approving the final account of the executors and discharging them, but without making any allowance of fees to any of the executors for their services. The appellee, on or about February 6, 1901, made a motion to set aside the order of January 31, 1901, approving the final account of the executors and discharging them, and that his fees as one of the

executors be allowed by the court. On March 8, 1901, the probate court made an order denying the motion. An appeal was taken by appellee from this order to the circuit court. In the circuit court Mary C. B. Griswold, the widow, and Edward B. Griswold, one of the sons, two of the executors of said will, entered their appearance, and filed an answer and also a motion to dismiss the appeal. On March 21, 1903, the circuit court found that the probate court erred in denying the motion of appellee to set aside the order, approving the final account and discharging the executors, and that there should be paid to appellee for his services the sum of $2000.00. It is contended, in the first place, that the circuit court erred in refusing to dismiss the appeal from the probate court upon the alleged ground that the widow, heirs and legatees were necessary parties to the appellee's motion to set aside the order of January 31, 1901, and allow him his fees as executor, and that the widow, heirs and legatees, being necessary parties, should have been served with notice.

Section 112 of the Administration act provides that "no final settlement shall be made and approved by the court unless the heirs of the decedent have been notified thereof, in such manner as the court may direct." (1 Starr & Curt. Ann. Stat.—2d ed.—pp. 336, 337). The statute thus requires notice to the heirs of any proceeding for the approval of the final account of the executors. The motion here under consideration, however, was not such a motion as is contemplated by section 112, but is a motion to set aside the order approving the final account, and to allow fees for services as executor. There is nothing in the statute, which requires notice to be given to the widow, heirs and legatees of a motion to fix the fees of an executor. Section 133 of the Administration act provides as follows: "Executors and administrators shall be allowed as compensation for their services a sum not exceeding six percentum on the amount of personal estate, and not exceeding three percentum on the money arising from the sale of real estate, with such ad-

ditional allowances for costs and charges in collecting and defending the claims of the estate and disposing of the same, as shall be reasonable." (1 Starr & Curt. Ann. Stat.— 2d ed.—p. 348). The allowance of fees to the executors is a duty, which is imposed by law upon the probate court. The amount is to be determined by the court upon the application of the executor. It appears clearly from the record that, before the appellee made his motion to set aside the order of January 31, 1901, and to fix the allowance of his fees, he gave written notice to John Schwender, attorney for the executors. It is not denied that Schwender was the attorney of all three executors, and acted for them in the administration of the estate. He was also the husband of one of the heirs of the estate. In the present case, he must be held to have represented the widow, the heirs and legatees, as well as the executors. The final report of the executors was entrusted to Schwender to be presented to the probate court, and was by him presented to the probate court and approved. Upon that report was endorsed an entry of appearance, signed by the widow and all the heirs and legatees of the deceased testator, in which they waived notice and ratified the final report of the executors. Schwender was entrusted, not only with the final account of the executors to be presented to the probate court, but he was also entrusted with the written entry of appearance and ratification of said account or report, signed by the heirs and legatees of the deceased. He is, therefore, to be regarded in this case as representing not only the executors, but the heirs and legatees. He acted for the heirs and legatees in presenting their ratification of the final report, as well as for the executors in obtaining the approval of that report. As Schwender had written notice of appellee's motion to fix his fees and set aside the order of January 31, 1901, it must be held in this case that the widow and heirs and legatees, as well as the two executors besides appellee, had notice of the motion. The order of the probate court, entered on March 8, 1901,

denying the motion of appellee, contains the following reci-
tation: "All parties in interest being present in open court
or represented by counsel, on hearing had it is ordered by
the court that the prayer of said motion be and the same is
hereby denied." This recitation, that all parties in interest
were present in open court or represented by counsel, refers
as well to the widow, heirs and legatees, as to the executors,
all of whom were represented by Schwender. We are, there-
fore, of the opinion that, even if notice of the motion in
question to the widow, heirs and legatees was required, such
notice was in fact given. But, as is well said by the Appel-
late Court in their opinion: "The heirs will have their day
in court whenever the court will again be asked to discharge
the executors and approve their final report and account."

It is said, however, that the order of January 31, 1901,
approving the final report and account of the executors, to-
gether with the ratification thereof by the widow, heirs and
legatees, was a decree entered by consent, and could not
therefore be set aside or vacated except for fraud, accident
or mistake. The court certainly had jurisdiction to entertain
the motion to set aside the order. The order was made on
January 31, 1901, and the motion to set it aside, and fix the
allowance of the executor's fees, was made on February 6,
1901, during the January term of the court. In other words,
the motion to set aside the order was made at the same term,
at which the order was entered. Inasmuch as the motion
was made before the expiration of the term, the probate
court still had jurisdiction to fix the amount of the execu-
tor's fees, and to make the proper order for its allowance
and payment. When the court entered the order, approving
the final account of the executors and discharging them, the
matter of the allowance of fees to the executors was not
brought to the attention of the court, and was not passed
upon. Even if the rigid rule, that the order of January 31,
1901, was a consent decree, and could not be set aside or va-
cated except for fraud, accident or mistake, be applied to

this case, we are of the opinion that such order was entered either through fraud, accident or mistake. The attorney, John Schwender, who represented the executors, was presented with the account and the ratification thereof by the heirs, and was requested by appellee, one of the executors, to call the attention of the court to the executor's fees, and to have the fees allowed. The affidavits show that Schwender agreed to present this matter to the probate court, but failed to do so. He took the final account of the executors, with the endorsement thereof of the heirs, to the probate court, and handed it to an assistant of the probate judge, but neglected to present it to the judge. After his first presentation of the report he was again requested by appellee, after the latter had learned that the attention of the court had not been called to the subject of the fees, to bring up said subject before the probate court, and have the amount of the fees fixed and allowed. The appellee told Schwender that he was willing to take such fees as the probate court might fix upon. It appears clearly to us from the record that Schwender violated his promise, and neglected, without any good excuse, to call the attention of the probate court to the matter in question. There was certainly a case made out under the admitted facts, which will come either under the head of fraud, or of accident, or of mistake. There was no waiver by appellee of his claim for fees, nor any consent on his part to a discharge without the allowance of fees. The question of fees not having been passed upon by the court, the allowance thereof was not adjudicated, nor determined by the order of January 31, 1901, and, therefore, it cannot be said that appellee is concluded by that order, as if entered by his consent, from asking for an allowance of a fair and reasonable fee.

Appellee, as executor, could not fix his own fee, which was to be determined by the court. Therefore, he was not to blame for making no entry in the final account prepared by him for the executors in reference to the amount of such

fee. In the absence of an express waiver by appellee of his fees, it was the duty of the probate court to determine the amount to be allowed to him, and such amount would have undoubtedly been fixed, if the attention of the court had been called to the subject.

It is furthermore said that the appeal from the probate court to the circuit court should have been dismissed by the latter court for the alleged reason that Smith's appeal bond was not in conformity with the order of the probate court granting the appeal. That is to say, it is contended that the order allowed an appeal to appellee as executor, whereas the bond was executed by him in his individual capacity. We have examined the abstract and the record, and we do not find it to be true that an appeal was allowed to appellee as executor. The following is the recital upon this subject in the abstract prepared by the appellants: "And thereupon the said Smith prayed an appeal to the circuit court from said order denying said motion, which is granted upon his presenting to this court for approval his appeal bond in the penal sum of $200.00, conditioned as the law directs, with surety, to be approved by this court within twenty days." Furthermore, as is well said by the Appellate Court in the first opinion filed by them in this case, "furthermore, the precise point is made in this court for the first time. Had it been made in the court below a new bond might have been filed."

It is also said that the order of the probate court, denying Smith's motion to set aside the judgment of January 31, 1901, and fix the executor's fees, was not an appealable order, and that, therefore, the appeal should have been dismissed by the circuit court for that reason. We cannot agree with counsel for appellants in their contention upon this subject. The order, which denied appellee's motion, was a final order with respect to the allowance of compensation to him as executor. Section 124 of the Administration act provides that "appeals shall be allowed from all judgments, orders or

decrees of the county court, in all matters arising under this act, to the circuit court, in favor of any person who may consider himself aggrieved by any judgment, order or decree of such court, and from the circuit to the Supreme Court, as in other cases, and bonds with security to be fixed by the county or circuit court, as the case may be." (1 Starr & Curt. Ann. Stat.—2d ed.—p. 345). Appellant was injured by the order denying his motion, because it deprived him of all compensation for his services as executor. It would not have been proper for him to attempt to take an appeal from the order, approving the final account, because that order contained no adjudication personal to himself, as it said nothing about executor's fees. The probate court was not called upon to take action in the matter of his fees, until he made his motion to set aside the order of January 31, 1901; and, therefore, the order, from which he could properly appeal, was the order denying that motion.

In addition to what is said above, it appears that the appellants themselves asked the Appellate Court to enter an order, affirming the judgment of the circuit court entered on May 9, 1905; and it would appear that the Appellate Court entered its judgment, affirming that order *pro forma* at the request of appellants. The appellants in this court cannot seek to call in question a judgment, which was rendered in the court below at their request and by their suggestion. (*Smith* v. *Kimball,* 128 Ill. 583). In *Smith* v. *Kimball, supra,* it was held by this court that, where the judgment or decree of the trial court is affirmed by the Appellate Court, *pro forma,* on the motion of the appellant, under a stipulation of the parties that the decree or judgment shall be so affirmed, the appellant, on an appeal to this court, cannot assign for error the judgment of the Appellate Court, so entered at his or its request.

For the reasons above stated, the judgment of the Appellate Court, affirming the judgment of the circuit court, is affirmed.

*Judgment affirmed.*