## Willis D. Smith et al., Appellants, v. Mary C. B. Griswold et al., Appellees.

### Gen. No. 15,404.

1. ADMINISTRATION OF ESTATES—*what not waiver of executor's fees.* For an executor to file his final account without claiming therein certain fees, is not to waive the same. An executor cannot fix his own fees. It is quite proper for an executor to file his final account, leaving the question of fees thereafter to be fixed by the court. This is especially true where the executor expressly by language negatives an intention to waive his fees.

2. ADMINISTRATION OF ESTATES—*when order of discharge entered as result of fraud, accident or mistake.* If a final account is delivered by an executor to an attorney representing the beneficiaries under the will with the accompanying statement that he expects remuneration and is willing to accept such fees as may be fixed by the court, an order of discharge made without fixing the fees of such executor should at his petition be set aside.

3. RES JUDICATA—*when judgment of Supreme Court so operates.* If upon an application to set aside an order discharging executors the question as to whether or not the order of discharge was entered by fraud, accident or mistake was presented by affidavits, all parties in interest being represented, and the Supreme Court subsequently holds that the order of discharge was entered by fraud, accident or mistake, that question becomes one of *res judicata.*

4. STATUTE OF LIMITATIONS—*when does not bar relief in equity.* *Held,* under the facts in this case, that the Statute of Limitations did not bar the right of an executor to recover his fees from beneficiaries under a will where an order of discharge had been entered through fraud, accident or mistake, and that even though the Statute of Limitations had run, the defense thereof would not be recognized in equity in view of the fact that to enforce the Statute of Limitations would be to work a hardship against the complainant.

Bill in equity. Appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed and remanded with directions. Opinion filed May 5, 1911.

SAMUEL A. LYNDE and SHERMAN M. BOOTH, for appellants.

HENRY S. SHEDD, for appellees.

MR. JUSTICE CLARK delivered the opinion of the court.

In this proceeding Willis D. Smith, one of the appellants, seeks to recover by a bill in equity filed for that purpose in the names of himself and the other two executors of the estate of Edward B. Griswold, deceased, from the four appellees named as defendants in the bill, the sum of $2,000, the appellees being the residuary legatees under the will of the said Edward B. Griswold, said sum having been allowed him by an order of the Probate Court entered May 21, 1906, as his fees as executor.

On January 31, 1901, the Probate Court of Cook county approved the final report of the executors, by which it appeared that all of the debts of the estate had been paid and distribution of the estate had been made to the widow and all legatees under the will.

The appellant, Smith, claims that two or three days before the final account was so approved he presented the same to John Schwender, an attorney of the city of Chicago; that the final account had been partly prepared by him, and that Mr. Schwender finished the preparation of the account and that thereupon it was signed and sworn to by the appellant, Smith, and the other two executors.

Mr. Schwender, after the death of the testator, and while the estate was in probate, had married one of the residuary legatees, Mary Maud Griswold, one of the daughters of the testator.

The appellant, Smith, testified that at that time he told Mr. Schwender that he expected to be paid fees, and asked him to present the final report to the Probate Court and at the same time ask the probate judge what fees he, the appellant Smith, should rightly be paid, stating to Mr. Schwender that he would be satisfied with whatever allowance the Probate Court made.

There is some dispute between Mr. Schwender and the appellant, Smith, as to just what was said, but it is undisputed that no allowance was fixed by the Probate Court at that time of the fees of the appellant, Smith, or the other executors.

On February 6, 1901, the appellant, Smith, applied through other attorneys, to the Probate Court to have the order of January 31, 1901, set aside and an allowance made to himself of $2,000 as fees. The Probate Court refused to enter an order setting aside the order approving the final account, and at that time made no order with regard to the fees. An appeal was thereupon taken to the Circuit Court of Cook county, and upon a hearing had in that court the ruling of the Probate Court was reversed and the Probate Court was instructed to set aside the order and allow the appellant, Smith, the amount asked for. From this order an appeal was taken to this court. The decision appears in 116 Ill. App. 223. By reference to that opinion it will be found that the order of the Circuit Court was affirmed, excepting that part of the order making a separate finding of fees in favor of the appellant, Smith. The concluding paragraphs of the opinion in that case are as follows:

"The order appealed from is therefore reversed in so far as it fixes appellee's fees at $2,000, and the cause is remanded to the Circuit Court with directions to ascertain and allow jointly the fees of the three executors of the estate of Edward B. Griswold, deceased, for their services as such, unless one or more of them waive or relinquish his or their right thereto or fail to make an application in that regard within thirty days after the redocketing of this cause in the Circuit Court. If at the end of the thirty days appellee be the only executor who applies for compensation, said court shall allow him $2,000. In all other respects said order is affirmed.

"In disposing of this cause we do not wish to be understood as expressing an opinion as to the nature

or character of the proceedings to which the Probate
Court may resort for the purpose of providing the
means with which to pay the fees of the executors, as
we do not regard that question as being before us for
decision.''

A writ of error was sued out from the Supreme
Court by Mary C. B. Griswold and Edward B. Gris-
wold, who with the appellant Smith were the executors
of the estate, but was dismissed on the ground that
the judgment of the Appellate Court was not final.
Griswold v. Smith, 214 Ill. 323. When the case was re-
docketed in the Circuit Court an order was entered
in conformity with the opinion of this court, as above
set forth. Thereupon, in pursuance of the order of
the Circuit Court, the Probate Court on May 21, 1906,
entered an order vacating the order of January 31,
1901, which approved the final account and discharged
the executors; the said Probate Court at the same time
making the further order that the appellant Smith be
paid $2,000 for executor's fees, which the court found
to be reasonable and proper, the other executors hav-
ing waived their right to any fees. In the order a
recital was made of the amount the widow and the
four residuary legatees had received from the estate,
and the further recital that the executors had dis-
tributed to the said widow and legatees all estate as-
sets, and ordered the residuary legatees to pay to
Smith or the executors for him, the said $2,000; that if
they failed to refund $500 each, which the court found
to be the proportionate share of each, on or before
May 31, 1906, the executors should bring actions at
law or in equity to compel the refund and the paying
over by the legatees all necessary sums to pay him the
amount of $2,000; that said Smith, appellant herein,
should have the right to employ attorneys to prosecute
such suits in behalf of the executors, and to control the
prosecution thereof in the names of the executors.

It should be stated that prior to the order of the
Probate Court of May 21, 1906, there had been an ap-

peal taken from the order of the Circuit Court above referred to, to this court, and that upon the application of the appellants there was a *pro forma* order entered here, affirming the said judgment of the Circuit Court entered May 9, 1905. From this affirmance by this court an appeal was taken to the Supreme Court and the judgment of the Circuit Court and the judgment of this court were affirmed. Griswold v. Smith, 221 Ill. 341. In affirming the judgment, Mr. Justice Magruder, speaking for the court, used the following language:

"The allowance of fees to the executors is a duty, which is imposed by law upon the Probate Court. The amount is to be determined by the court upon the application of the executor. It appears clearly from the record that, before the appellee made his motion to set aside the order of January 31, 1901, and to fix the allowance of his fees, he gave written notice to John Schwender, attorney for the executors. It is not denied that Schwender was the attorney of all three executors, and acted for them in the administration of the estate. He was also the husband of one of the heirs of the estate. In the present case, he must be held to have represented the widow, the heirs and legatees, as well as the executors. The final report of the executors was entrusted to Schwender to be presented to the Probate Court, and was by him presented to the Probate Court and approved. Upon that report was endorsed an entry of appearance, signed by the widow and all the heirs and legatees of the deceased testator, in which they waived notice and ratified the final report of the executors. Schwender was entrusted, not only with the final account of the executors to be presented to the Probate Court, but he was also entrusted with the written entry of appearance and ratification of said account or report, signed by the heirs and legatees of the deceased. He is, therefore, to be regarded in this case as representing not only the executors, but the heirs and legatees. He acted for the heirs and legatees in presenting their ratification of the final report, as well as for the executors in obtaining the approval of that report. As

Schwender had written notice of appellee's motion to fix his fees and set aside the order of January 31, 1901, it must be held in this case that the widow and heirs and legatees, as well as the two executors besides appellee, had notice of the motion. The order of the Probate Court, entered on March 8, 1901, denying the motion of appellees, contains the following recitation: 'All parties in interest being present in open court or represented by counsel, on hearing had it is ordered by the court that the prayer of said motion be and the same is hereby denied.' This recitation, that all parties in interest were present in open court or represented by counsel, refers as well to the widow, heirs and legatees, as to the executors, all of whom were represented by Schwender. We are, therefore, of the opinion that, even if notice of the motion in question to the widow, heirs and legatees was required, such notice was in fact given. But, as is well said by the Appellate Court in their opinion: 'The heirs will have their day in court whenever the court will again be asked to discharge the executors and approve their final report and account.'

"It is said, however, that the order of January 31, 1901, approving the final report and account of the executors, together with the ratification thereof by the widow, heirs and legatees, was a decree entered by consent, and could not therefore be set aside or vacated except for fraud, accident or mistake. The court certainly had jurisdiction to entertain the motion to set aside the order. The order was made on January 31, 1901, and the motion to set it aside, and fix the allowance of the executor's fees, was made on February 6, 1901, during the January term of the court. In other words the motion to set aside the order was made at the same term, at which the order was entered. Inasmuch as the motion was made before the expiration of the term, the Probate Court still had jurisdiction to fix the amount of the executor's fees, and to make the proper order for its allowance and payment. When the court entered the order, approving the final account of the executors and discharging them, the matter of the allowance of fees to the executors was not

brought to the attention of the court, and was not passed upon. Even if the rigid rule, that the order of January 31, 1901, was a consent decree, and could not be set aside or vacated except for fraud, accident or mistake, be applied to this case, we are of the opinion that such order was entered either through fraud, accident or mistake. The attorney, John Schwender, who represented the executors, was presented with the account and the ratification thereof by the heirs, and was requested by appellee, one of the executors, to call the attention of the court to the executor's fees, and to have the fees allowed. The affidavits show that Schwender agreed to present the matter to the Probate Court, but failed to do so. He took the final account of the executors, with the endorsement thereof of the heirs, to the Probate Court, and handed it to an assistant of the Probate Judge, but neglected to present it to the judge. After his first presentation of the report he was again requested by appellee, after the latter had learned that the attention of the court had not been called to the subject of the fees, to bring up said subject before the Probate Court, and have the amount of the fees fixed and allowed. The appellee told Schwender that he was willing to take such fees as the Probate Court might fix upon. It appears clearly to us from the record that Schwender violated his promise, and neglected, without any good excuse, to call the attention of the Probate Court to the matter in question. There was certainly a case made out under the admitted facts, which will come either under the head of fraud, or of accident, or of mistake. There was no waiver by appellee of his claim for fees, nor any consent on his part to a discharge without the allowance of fees. The question of fees not having been passed upon by the court, the allowance thereof was not adjudicated, nor determined by the order of January 31, 1901, and, therefore, it cannot be said that appellee is concluded by that order, as if entered by his consent, from asking for an allowance of a fair and reasonable fee.

"Appellee, as executor, could not fix his own fee, which was to be determined by the court. Therefore,

he was not to blame for making no entry in the final account prepared by him for the executors in reference to the amount of such fee. In the absence of an express waiver by appellee of his fees, it was the duty of the Probate Court to determine the amount to be allowed to him, and such amount would have undoubtedly been fixed, if the attention of the court had been called to the subject.''

The bill in the case before us was filed February 6, 1907, and is based upon the order of May 21, 1906. The learned chancellor who heard the case evidently did not regard the opinion of the Supreme Court in Griswold v. Smith, 221 Ill. 341, as conclusive upon the proposition that the order of January 31, 1901, was entered in the Probate Court through fraud, accident or mistake, and allowed testimony to be taken in regard thereto, and found that there was no mistake of fact and no fraud so far as the payment of the moneys to the legatees was concerned. He found further that the conduct of Mr. Schwender could not affect the situation ''because at the time that he was to have asked for the allowance of fees the executors had nothing on hand; the money had all been distributed by them.'' Thereupon an order was entered dismissing the bill. From this order the present appeal is prosecuted.

In our opinion, the Probate Court, the Circuit Court, Appellate Court and the Supreme Court all had before them the facts with reference to this question of fraud, accident or mistake in the proceeding which finally resulted in the judgment of the Supreme Court in Griswold v. Smith, 221 Ill. 341. We think, therefore, that the Circuit Court was concluded by the opinion from which the foregoing lengthy excerpt is taken, on the question whether or not there was fraud, accident or mistake in entering the order of January 31, 1901, in the Probate Court.

In the trial in the court below, the testimony of Mr. Schwender was taken. We have read it carefully, as well as the testimony of the appellant, and we think

that in justice to Mr. Schwender it should be said that
no charge of fraud in procuring the entry of the order
of January 31, 1901, can properly be lodged against
him.   We think, however, that the order was entered
by mistake, and that therefore the appellant was justi-
fied in filing the bill of complaint which he did file in
the names of himself and the other two executors, in
pursuance of the order of the Probate Court entered
on May 21, 1906.   The Supreme Court held, as will
be noticed, that because Mr. Schwender was entrusted
not only with the final account of the executors, to be
presented to the Probate Court, but also with the writ-
ten entry of appearance and ratification of the report,
signed by the heirs and legatees of the deceased, he
must be regarded as representing not only the execu-
tors but also the heirs and legatees, and that he acted
for the heirs and legatees in their ratification of the
final report, as well as for the executors in obtaining
the approval of that report.

We think it is more than probable that Mr. Schwen-
der was of the opinion when he was requested by the
appellant to ascertain from the Probate Court what
the fees of the appellant, Smith, as executor, should
be, that it was merely for the purpose of fixing the
amount, and that said appellant and the residuary
legatees would adjust the matter without a formal or-
der of the Probate Court.   From this we think it
clearly appears that the order was entered by a mis-
take, which probably would not have occurred if the
appellant, Smith, the other executors and the legatees
had been represented by separate counsel.   On the
other hand the appellant Smith when he found that
Schwender had not obtained from the Probate Court
the information that he wanted, and had had no order
entered by the Probate Court fixing the amount of fees,
immediately filed his petition to have the order of
January 31, 1901, set aside, and fee allowed him.   His
petition in this behalf was filed in the Probate Court

on February 6, 1901, and should have been granted. Since this time, by repeated appeals and writs of error taken to and from this court and the Supreme Court, there has been constant resistance to the setting aside of the order approving the executors' final account and the entry of the order fixing the amount of the appellant Smith's fees as executor. The chancellor held that no fraud or mistake of fact existed when payment of legacies was made to the four residuary legatees, and based thereon his conclusion that no recovery could be had against them. If the Probate Court had entered the order fixing the fee in February, 1901, as it has been held by the Supreme Court it should have done, it at the same time could and should have ordered restitution by the legatees of the excess amount paid them respectively, and on their failing to do so could, as he later did, order the executors to file a suit against them for that purpose.

We think that the Circuit Court should have found that the order of January 31, 1901, in the Probate Court was entered by mistake, and should have entered a decree and judgment against the four residuary legatees, as prayed for in their bill.

It is urged that the complainants may not maintain their bill because more than five years elapsed between the order of January 31, 1901, and the date of the filing of the bill, namely, February 6, 1907. Inasmuch, however, as the appellant Smith could not maintain his bill until after the amount of his fees had been fixed by the Probate Court, and inasmuch as the Probate Court erred in not granting the relief prayed for by the appellant Smith in his petition of February 6, 1901, and because of the delay caused by the repeated hearings in this and the Supreme Court, we think the Statute of Limitations would not in any event begin to run until the entry of the order of May 21, 1906. But courts of equity will grant relief after the Statute of Limitations applicable to actions at law has run, where it is

necessary to prevent hardship. Carlock v. Carlock, 249 Ill. 330.

The cause will be reversed and remanded with a direction to the Circuit Court to enter a decree in favor of the appellants and against the four residuary legatees in accordance with the prayer of the bill.

*Reversed and remanded with directions.*