175 Ill. App.3d 926 (1988)
530 N.E.2d 635
In re ESTATE OF JOHN E. MOORE, Deceased (Edward J. Moore et al., Petitioners-Appellants,
v.
Vivian Szepcsik, Respondent-Appellee).
No. 4-88-0321.
Illinois Appellate Court  Fourth District.
Opinion filed November 3, 1988.
*927 William A. Allison, of Bloomington, for appellants.
Dunn, Goebel, Ulbrich, Morel & Hundman, of Bloomington (Richard T. Dunn, of counsel), for appellee.
Reversed and remanded.
PRESIDING JUSTICE GREEN delivered the opinion of the court:
This case concerns the relief available to an interested party after the approval of a final report of a representative of a decedent's estate when the interested party (1) has received proper notice of the hearing on that report; (2) did not make timely objection to the report prior to hearing; but (3) seeks to attack the approval of the report within 30 days from the entry of the order approving the report.
Section 24-2 of the Probate Act of 1975 (Act) states in pertinent part as follows:
"Notice of the hearing on any account of a representative of a decedent's estate shall be given as the court directs to unpaid creditors and to every person entitled to a share of the estate who has not received that share in full. If the account is approved by the court upon the hearing, in the absence of fraud, accident or mistake, the account as approved is binding upon all persons to whom the notice was given." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110 1/2, par. 24-2.)
This language might be interpreted to mean the order of approval could not be attacked by the previously described interested party at any time on grounds other than "fraud, accident, or mistake."
Conversely, section 1-6 of the Act states the Civil Practice Law "shall apply to all proceedings under this Act, except as otherwise provided in this Act." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110 1/2, par. 1-6.) Section 2-1203(a) of the Code of Civil Procedure (Code) permits, in nonjury cases, the filing, within 30 days after judgment, of a motion for a rehearing, retrial, modification or vacation of the judgment "or for other relief." (Ill. Rev. Stat. 1985, ch. 110, par. 2-1203(a).) In addition, section 2-1301(e) of the Code states:

*928 "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." (Ill. Rev. Stat. 1985, ch. 110, par. 2-1301(e).)
As we later explain, the requirement of section 24-2 of the Act, that "fraud, accident, or mistake" must be shown in order to obtain relief from a judgment, is quite similar to the showing required by section 2-1401 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2-1401), which allows relief from a judgment when the request is made more than 30 days after entry of the judgment. Thus, consideration of section 24-2 of the Act together with section 1-6 of the Act and sections 2-1203(a), 2-1301(e), and 2-1401 of the Code, indicates the described interested party is not limited to relief based solely upon "fraud, accident, or mistake."
The foregoing issue arose during the administration of the estate of John E. Moore in the circuit court of McLean County. After proper notice had been given to all interested parties, the court held a hearing on the final report of the executor, Vivian Szepcsik, and entered an order on October 15, 1987, approving the report. On October 23, 1987, petitioners, the Peoples Bank of Bloomington, trustee of a trust created under the will of the decedent, which trust included the residue of the estate, and Edward J. Moore, beneficiary of that trust, filed a motion to vacate the order of approval. Neither had previously objected to the final report. The thrust of the motion was that (1) the fees awarded the executor and an attorney previously representing the executor were excessive; (2) improper allocations of principal and income were made between various legatees; and (3) the executor was not required to account for all property.
The executor objected to the motion to vacate, contending the failure of the motion to vacate to allege "fraud, accident or mistake" as required by section 24-2 of the Act precluded petitioners from obtaining relief. The court "denied the motion to vacate as filed" but permitted the filing of an amended motion to vacate. On February 16, 1988, petitioners filed an amended motion to vacate in two counts. The first count made the same allegations as the previous motion to vacate. The second count realleged many of the allegations of the first count but then concluded the executor acted mistakenly in paying the questioned fees and in making the allocations of principal and interest. After a hearing, the amended motion to vacate was denied on April 19, 1988, with the court stating the amended motion to vacate still failed to meet the requirements of section 24-2 of the Act.
*929 Petitioners have appealed. We reverse and remand. As we shall explain, we hold that section 24-2 of the Act is not applicable to requests for relief from orders approving final reports when, as here, the requests are made within 30 days of the entry of the order of approval. Rather, we conclude section 24-2 is the counterpart of the Act to section 2-1401 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2-1401) and applies only to attacks made against such orders more than 30 days after their entries. However, we do not deem a party to a hearing on such a final report, who makes no objection to the report before the order of approval, to be in the position of a party who can request rehearing or other relief under section 2-1203(a) of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2-1203(a)). We hold that a properly notified party who fails to object before approval of a final report is a party in default and is entitled to relief on motion made within 30 days under the terms of section 2-1301(e) of the Code, which allows relief within the court's discretion "upon any terms and conditions that shall be reasonable." Ill. Rev. Stat. 1985, ch. 110, par. 2-1301(e).
 1 If the language of section 24-2 of the Act is interpreted as a provision, under section 1-6 of the Act, which negates the applicability of Code procedures for post-judgment relief in the trial court in the absence of "fraud, accident, or mistake," then a person interested, who appears for the hearing on a final report and objects thereto, would be limited on a post-judgment motion for rehearing to grounds of "fraud, accident, or mistake." The executor admits that such a person would not be so limited. We agree. If such a limitation is not placed by section 24-2 on requests for relief made under these circumstances, we do not see why section 24-2 should be interpreted to limit other requests for relief from judgments approving reports filed in the trial court within 30 days of the judgment. We have attempted to find and examine all reported decisions in regard to the application of section 24-2 and its predecessors and find only one case where the opinion indicates the attack on the approval of the report was made within 30 days of the entry of the judgment or at the same term under prior practice.
In Griswold v. Smith (1906), 221 Ill. 341, 77 N.E. 551, a coexecutor who had signed a final report sought to set aside the order approving the report during the same term it was entered. He contended he had been misled to believe he was to get a fee, and the order of approval allowed no fees. Contention was made that, as the order of approval was by consent, it could not be vacated without proof of "fraud, accident, or mistake." (Griswold, 221 Ill. at 350, 77 N.E. at 555.) The supreme court held that, even if the "rigid rule" *930 that the order was a "consent decree" be applied, ample showing was made of "fraud, accident, or mistake." (Griswold, 221 Ill. at 350, 77 N.E. at 555.) When a party seeks to set aside a judgment, or portion thereof, to which that party has consented, a showing similar to the "fraud, accident or mistake" standard of section 24-2 of the Act has been required, even when, as in Griswold, the request to do so has been made within 30 days of the entry of the judgment. Guyton v. Guyton (1959), 17 Ill.2d 439, 161 N.E.2d 832; Filosa v. Pecora (1974), 18 Ill. App.3d 123, 309 N.E.2d 356.
Our interpretation of section 24-2 as being applicable only to collateral attacks on orders approving final reports is consistent with the appellate court's analysis in the case of In re Estate of Luer (1952), 348 Ill. App. 324, 108 N.E.2d 792. There, an heir petitioned a probate court for a citation against the executor of the estate to show cause why the executor should not be removed for fraud. The executor defended on the grounds that the conduct involved in the allegations had been approved by a final order of that court approving the executor's account. In holding in favor of the executor, the court explained that the traditional way in which a final judgment could be attacked more than 30 days after its entry (Ill. Rev. Stat. 1951, ch. 77, par. 82), or after the expiration of the term under prior law, was by showing the order was obtained by "fraud, accident, or mistake." (Luer, 348 Ill. App. at 330, 108 N.E.2d at 794.) The court then explained that, under the precedent of Barnard v. Michael (1945), 392 Ill. 130, 63 N.E.2d 858, an attack on a probate order approving a sale made more than 30 days after its entry was also a collateral attack and was subject to the same restrictions as to relief.
The Luer court then called attention to section 290 of the Probate Act of 1939 (Ill. Rev. Stat. 1951, ch. 3, par. 444), predecessor to section 24-2 of the Act (Ill. Rev. Stat. 1985, ch. 110 1/2, par. 24-2), both of which contain substantially the same language. With regard to section 290, the court stated:
"We must presume that, in using the words `fraud, accident, or mistake,' the legislature was aware of the decisions which define that terminology, and that it intended to apply the settled principles pertaining thereto, in probate proceedings, with particular reference to accounts." (Luer, 348 Ill. App. at 332-33, 108 N.E.2d at 795.)
The language of the Luer court indicated the purpose of the predecessor to section 24-2 was to apply to collateral attacks upon orders approving final reports in probate the same requirements which had been developed in regard to collateral attacks on other final judgments. *931 Those criteria were the basis for the expanded concepts for collateral attacks on judgments contained in section 2-1401 of the Code. See Ill. Ann. Stat., ch. 110, par. 2-1401, Joint Committee Comments (1955), at 602 (Smith-Hurd 1983).
 2 We agree with respondent that petitioners cannot sit back without making objection to the final report until after the court has approved the report and then come in, as a matter of right, under section 2-1203(a) of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2-1203(a)) and ask for relief from the order of approval. That is why we have determined that petitioners, who are in the position of parties in default, are limited to relief obtainable under the terms of section 2-1301(e) of the Code. Ill. Rev. Stat. 1985, ch. 110, par. 2-1301(e).
 3 The standard to be used by a trial court in ruling on a motion to vacate a default judgment under section 2-1301(e) has changed over time. Previously, a court inquired whether a movant possessed a meritorious defense and a reasonable excuse for failing to assert that defense in a timely fashion. (People ex rel. Reid v. Adkins (1971), 48 Ill.2d 402, 270 N.E.2d 841.) Now the main concern is whether "substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits." (Reid, 48 Ill.2d at 406, 270 N.E.2d at 843.) Of course, in making its decision a trial court may still consider other factors, including the existence of a meritorious defense and whether the delay by the movant has jeopardized his or her opponent's basic position. (Widicus v. Southwestern Electric Cooperative, Inc. (1960), 26 Ill. App.2d 102, 167 N.E.2d 799.) A party interested in a final report who is in default has as much need for relief as does any other type of civil litigant in default and logically should be entitled to relief upon making the type of showing required by section 2-1301(e). The legislature would not likely have intended they be denied similar access to relief.
That section 2-1301(e) of the Code was intended to apply to parties defaulted on the approval of a final probate report is indicated not only by the logic of so construing the applicable legislation. That intention is also inferred by the wording of section 1-6 of the Act, which, in providing for the Code coverage, states:
"The Civil Practice Law and all existing and future amendments and modifications thereof * * * shall apply to all proceedings under this Act, except as otherwise provided in this Act. Paragraph (g) of Section 2-1301 of the Code of Civil Procedure, and all existing and future amendments and modifications of paragraph (g) do not apply to proceedings under Sections *932 20-3, 20-4 and 22-4 of this Act for the sale or mortgage of real estate or an interest therein." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110 1/2, par. 1-6.)
As section 1-6 sets forth a certain portion of section 2-1301 of the Code which is not applicable to certain sections of the Act, the legislature would likely have also specifically stated section 2-1301(e) of the Code was not applicable to section 24-2 of the Act if that was so intended.
 4 We need not discuss in detail the grounds upon which the order approving the final report in this case could or should be set aside because, as we have concluded, the trial court based its decision as to petitioners' motions upon the wrong standard. We reverse the judgment on appeal and remand for further proceedings. Petitioners shall be entitled to further amend their motion to vacate. Of course, we express no opinion as to the outcome. We merely require the trial court to exercise its discretion in accordance with our interpretation of the statutory provisions involved.
Reversed and remanded with directions.
McCULLOUGH and SPITZ, JJ., concur.